```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


DAVID L. WALTON, SR.,          )
                               )
          Plaintiff            )
                               )
     v.                        )   CIVIL NO. 2:09 cv 161
                               )
UNITED STATES STEEL CORP.,     )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Bill of Costs [DE 54] filed by the defendant, United States Steel Corporation, on September 24, 2012. For the reasons set forth below, the court **ORDERS** David L. Walton, Sr., to pay the costs itemized in U.S. Steel's Bill of Costs in the amount of $1,051.51.

Background

The plaintiff, David Walton, filed a complaint against the defendant, United States Steel Corporation, alleging discrimination based on race and religion and retaliation. U.S. Steel moved for summary judgment on all of Walton's claims, and its motion was granted. U.S. Steel filed a Bill of Costs on September 24, 2012, seeking $1,033.44 in fees for printed transcripts of Walton's deposition, plus $18.07 for copying fees, for a total of $1,051.51. Walton filed an objection, alleging that the costs were unnecessary, were the defendant's voluntary choice, and that the amount is excessive.

Discussion

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." The court has broad discretion to assess the costs, but the Seventh Circuit "gives prevailing parties a 'strong presumptive entitlement' to recover costs." **E.E.O.C. v. Wal-Mart Stores, Inc.**, 2000 WL 1162029, *2 (S.D. Ill. June 29, 2000) (*citing* **Gavoni v. Dobbs House, Inc.**, 164 F.3d 1071, 1075 (7th Cir. 1999)). Title 28 U.S.C. §1920 authorizes recovery of fees for printed or electronically recorded transcripts necessarily retained for the case and copying fees. 28 U.S.C. §1920 (2) & (4). When determining whether the costs were necessary, the court should ask "was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?" **Cefalu v. Village of Elk Grove**, 211 F.3d 416, 428-29 (7th Cir. 2000). If a deposition was used during the case for some reason other than attorney convenience, it generally is considered necessary. *See* **Hudson v. Nabisco Brands, Inc.,** 758 F.2d 1237, 1243 (7th Cir. 1985). However, a deposition need not even be used in the case to be considered necessary, provided that it appeared necessary in light of the facts as they

appeared at the time the deposition was taken. *Hudson,* 758 F.2d at 1243.

Walton does nothing more than make a boilerplate statement that his deposition was not necessary, but the court cannot fathom how the plaintiff's deposition was anything but necessary. U.S. Steel and Walton relied on his deposition extensively and almost exclusively in their memorandums in support of their positions on the motion for summary judgment. Walton's deposition told the course of events and the court relied on this when rendering its decision. Walton's deposition was lengthy, 188 pages, and the cost does not appear excessive, nor has Walton pointed to any cases that suggest that the cost exceeds the normal market rate. For these reasons, the court **ORDERS** David L. Walton, Sr., to pay the costs itemized in U.S. Steel's Bill of Costs [DE 54] in the amount of $1,051.51.

ENTERED this 7th day of December, 2012

                                     s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge